JOHN S. LEONARDO
United States Attorney
District of Arizona
Micah Schmit
Assistant U.S. Attorney
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Az State Bar No. 014887
Email: gerard.schmit@usdoj.gov
Attorneys for Plaintiff



## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Harlow WATAHOMIGIE,<br><br>　　　　Defendant. | CR 12-1206-TUC-CKJ(JM)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition:

### PLEA

The defendant agrees to plead guilty to **Count One** regarding victim-agent Cranford and **Count Three** regarding victim-agent Pritchard, with all terms to run **concurrently**. These counts charge the defendant with Assault on a Federal Officer, a felony, in violation of Title 18, United States Code, Section 111(a)(1). The remaining counts will be dismissed.

### STIPULATIONS, TERMS AND AGREEMENTS

#### Maximum Penalties

A violation of 18 U.S.C. § 111(a)(1) is punishable by a maximum fine of $250,000.00, a term of imprisonment of up to eight (8) years, or both, plus a term of supervised release of up to three years and a special assessment of $100. The special assessment is due and payable at the time the defendant enters the plea of guilty, and must

be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

### Agreements Regarding Sentence

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate that, if Defendant's Criminal History category is less than or equal to a level two (2) then the following is an appropriate disposition of the case.

The defendant shall be sentenced to one of these two options:

If the District Court is amenable to a terminal disposition (that is, *no additional supervision*, probation or parole to follow the prison sentence imposed in this case) then, by U.S.S.G. §5K2.0, the parties agree to a *range of 20 - 34 months in the bureau of prisons*, each count to be served *concurrently* to one another.

If the District Court is not amenable to a terminal disposition, then the parties agree to a *range of up to 18 - 27 months in the bureau of prisons* (each count still to be served *concurrently*) and term of *supervised release for 2 to 3 years* to follow.

The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the Presentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to Title 18, Section 16. Therefore, under Title 18 §§3663A(a)(1), (c)(1)(A)(I) and 3771(6), the victims are entitled to seek **restitution** and the PSR should include an assessment regarding such. The restitution could include any medical bills directly accrued

2

by the victim and could potentially include time missed from work, if such costs exist. Further, the victim should be charactered as a statutory "victim" in the PSR and a victim-impact statement may therefore be obtained and referenced as well.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

### Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information, indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or

any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal, or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant

fully understands and agrees to cooperate fully and truthfully with the United States Probation Office in providing all information requested by the probation officer, including, but not limited to:

    (A)    All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    (B)    All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    (C)    All history of drug abuse which would warrant a treatment condition as part of sentencing.

    (D)    All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

### Effect of Other Proceedings

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

### WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a

reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF THE OFFENSE

<u>Assault on a Federal Officer</u>

1. The defendant intentionally struck or wilfully attempted to inflict injury upon a Federal law enforcement officer, or made a threat coupled with an apparent ability to inflict injury upon a Federal law enforcement officer, which caused a reasonable apprehension of immediate bodily harm.

2. The defendant committed the assault while the Federal law enforcement officer was engaged in, or on account of his or her official duties.

3. The defendant made physical contact with the Federal law enforcement officer during the assault.

## FACTUAL BASIS AND SENTENCING FACTORS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On March 30, 2012 Defendant Watahomigie was imprisoned at the Safford, Az FCI facility. Upon exiting, following a meal in the commissary, Watahomigie was asked for his registration number by corrections officer Cranford. Watahomigie refused and then struck Cranford in the chest causing injury. Watahomigie continued to be combative and another corrections officer, Pritchard, entered the fracas. During the ongoing struggle to now detain Watahomigie, officer Cranford sustained additional abrasions to his hand and knee. Officer Pritchard sustained swelling and abrasion to his elbow. Both officers were engaged in the performance of their official duties when Watahomigie knowingly and intentionally caused injury to them.

10-7-12
Date

Harlow Watahomigie
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure

///

//

the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

10/17/12
Date

*(signature)*
Harriette Levitt, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

10/17/12
Date

*(signature)*
Micah Schmit
Assistant U.S. Attorney